IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ARATA EXPOSITIONS, INC.,<br><br>    Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 1:22-CV-04056-KMW-AMD<br><br>**MEMORANDUM OPINION & ORDER** |

    This matter comes before the Court by way of Plaintiffs' Motion for Default Judgment. For the reasons set forth below, Plaintiffs' Motion is denied.

    1)    "Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). However, before a court may enter default judgment, the clerk must have previously entered default under Fed. R. Civ. P. 55(a). *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006). "Once this procedural hurdle has been met, it is within the discretion of the district court whether to grant a motion for a default judgment." *Dellecese v. Assigned Credit Sols., Inc.*, No. 15-6678, 2017 WL 957848, at *1 (D.N.J. Mar. 10, 2017). Notwithstanding this discretion, default judgment may be entered "only if the plaintiff's factual allegations establish the right to the

requested relief." *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (internal quotation marks omitted). To that end, a court must determine (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, and (2) whether the unchallenged facts present a sufficient cause of action. *See Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015); *see also Teamsters Health & Welfare Fund of Phila. v. Dubin Paper Co.*, No. 11–7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012). However, even if default judgment is permissible, the Court must weigh the following three factors to determine whether default judgment is proper: (1) prejudice to the plaintiffs if default is denied, (2) whether the defendant appears to have a meritorious defense, and (3) whether the defendant's delay is due to culpable conduct. *See Nautilus Ins. Co. v. Triple C Const., Inc.*, No. 10-2164, 2011 WL 42889, at *5 (D.N.J. Jan. 6, 2011) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).

2) In their Notice of Motion for Default Judgment, Plaintiffs submit that "no brief is necessary as the issues herein are straightforward." (ECF No. 8 at 2). This simply is not true, particularly given the analysis the Court is being asked to undertake.[1] As a reminder, Plaintiffs are entitled to default judgment neither as a matter of course nor as a matter of right. *See HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *1 (D.N.J. Jan. 22, 2015). It is incumbent

---

[1] Judges in this district have repeatedly denied the very type of haphazard motions for default judgment Plaintiffs attempt to submit here. Notably, those motions were also submitted by Plaintiffs' counsel in this case. *See, e.g.*, Order, *Trustees of the United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Health and Welfare Fund, et al., v. Oak HRC Statesman, LLC*, No. 19-13590 (D.N.J. July 7, 2020) (Bumb, J.), ECF No. 13 (denying motion for default judgment where counsel purported that "[n]o brief [was] necessary as the issues [t]herein [were] straightforward"); Letter Order, *Trustees of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund v. Indep. Wallcovering, Inc.*, No. 20-7084 (D.N.J. Nov. 10, 2021) (Salas, J.), ECF No. 18 at 2–3 (denying motion for default judgment due to plaintiffs' failure to (i) establish that service of process was proper, (ii) establish that they had sufficiently pled legitimate causes of action or show the entitlement of each plaintiff to the relief sought, and (iii) provide support for the injunctive relief sought); Letter Order, *Trustees of the United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Health and Welfare Fund, et al., v. Oak HRC Statesman, LLC*, No. 19-13590 (D.N.J. February 2, 2023) (O'Hearn, J.), ECF No. 25 ("Despite now having made four motions for default judgment, Plaintiffs continue to fail to provide sufficient evidence that [recipient] was authorized to accept service on behalf of Defendant[.]").

upon Plaintiffs to demonstrate, among other things, that their Complaint entitles them to every form of relief they seek—an endeavor that, even if successful, is still subject to this Court's broad discretion. *See Great Lakes Ins. SE v. Ross*, No. 21-17308, 2023 WL 372788, at *4 (D.N.J. Jan. 24, 2023). Stated simply, the Court declines to do Plaintiffs' work for them.

Therefore,

**IT IS** this **5th** day of **June 2023**, hereby

**ORDERED** that Plaintiffs' Motion for Default Judgment (ECF No. 8) is **DENIED WITHOUT PREJUDICE** to Plaintiffs' right to file a renewed Motion for Default Judgment accompanied by a brief that properly discusses and applies the standards of law governing the entry of default judgment. *See, e.g.*, ¶ 1, *infra.*

*/s/ Karen M. Williams*
KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE