IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARATA EXPOSITIONS, INC.,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br><br>Civil Action<br>No. 1:22-CV-04056-KMW-AMD<br><br><br><br>**ORDER** |

**THIS MATTER** having come before the Court by way of the Second Motion for Default Judgment of Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, Vacation Fund, and Painters District Council 711 Finishing Trade Institute, and the International Union of Painters and Allied Trades District Council 711 (collectively, "Plaintiffs"); and

**THE COURT OBSERVING** that on August 10, 2023, the Clerk of Court entered default against defendant Arata Expositions, Inc. ("Arata") for failing to respond to Plaintiffs' Complaint; and

**THE COURT FURTHER OBSERVING** that to obtain a default judgment against Arata under Federal Rule of Civil Procedure 55(b)(2), Plaintiffs must, among other things, produce sufficient proof of valid service of process and evidence establishing the Court's jurisdiction, *see Great Lakes Ins. SE v. Ross*, 652 F. Supp. 3d 472, 477 (D.N.J. 2023)[1]; and

---

[1] In support of their Motion, Plaintiffs attach an Affidavit of Service in which a process server states that on June 21, 2022, he left copies of the Complaint and Summons with Nicole Riso at Arata's business address in Gaithersburg,

**THE COURT FINDING** that Plaintiffs have failed to carry their burden of demonstrating that Arata has been properly served with copies of the Complaint and Summons[2];

**IT IS** this **30th** day of **May 2024** hereby

**ORDERED** as follows:

A) Plaintiffs' Second Motion for Default Judgment (ECF No. 12) is **DENIED**;

B) The Clerk of Court's Entry of Default against Arata is **VACATED**;

C) Plaintiffs are granted leave to re-serve Arata within **ninety (90) days**.[3]

                                                                                                            */s/ Karen M. Williams*
                                                                                                            KAREN M. WILLIAMS
                                                                                                             U.S. DISTRICT COURT JUDGE

---

Maryland. Plaintiffs contend that service of process was effectuated pursuant to FED. R. CIV. P. 4(h)(1)(B), which provides, in relevant part, that a corporation may be properly served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Plaintiffs also submit that they have satisfied N.J. CT. R. 4:4-4(6), which similarly permits service on a corporation by delivering copies of the complaint and summons to "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof."

[2] Though the Affidavit of Service refers to Riso as "Administrator / Authorized Agent," neither it nor Plaintiffs' Motion provides any detail as to her position, agency, or authorization to accept service of process on behalf of Arata. In fact, Plaintiffs' supporting materials more readily suggest the contrary, particularly a copy of a business entity report from the Maryland Secretary of State designating a person other than Riso as its authorized agent (ECF No. 12-3 at 36). Without more, the Court cannot conclude that Plaintiffs have satisfied FED. R. CIV. P. 4(h)(1)(B) or N.J. CT. R. 4:4-4(6). *See, e.g.*, *Nyholm v. Pryce*, 259 F.R.D. 101, 104–05 (D.N.J. 2009) (denying entry of default judgment where plaintiff failed to offer any direct or circumstantial evidence demonstrating that an "Associate Administrator" was a person capable of accepting service under Fed. R. Civ. P. 4(h)(1)(B)); *Anderson v. Loc. 435 Union*, 791 F. App'x 328, 331 (3d Cir. 2019) (affirming denial of default judgment against corporation where record was "bereft of any evidence" demonstrating that attorney was authorized to receive service of process under Rule 4(h)(1)(B)); *Gutierrez v. Medtronic plc*, No. 22-5573, 2023 WL 376014, at *4 (D.N.J. Jan. 5, 2023) (finding that plaintiff failed to satisfy burden of proving service under FED. R. CIV. P. 4(h)(1)(B) and N.J. CT. R. 4:4-4(a)(6) where only evidence to support service was affidavit's reference to individual as "Authorized Agent"), *report and recommendation adopted*, No. 22-5573, 2023 WL 375729 (D.N.J. Jan. 24, 2023).

[3] Failure to effectuate proper service of process within the time prescribed by this Order will, consistent with FED. R. CIV. P. 4(m), result in a dismissal of the Complaint without prejudice.