IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND, VACATION FUND, AND PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ARATA EXPOSITIONS, INC., <br><br> Defendant. | HONORABLE KAREN M. WILLIAMS <br><br><br> Civil Action <br> No. 1:22-cv-04056-KMW-AMD <br><br><br> OPINION |

Steven J. Bushinsky, Esq.
O'BRIEN, BELLAND & BUSHINSKY
509 S. Lenol Road, Building 6
Moorestown, NJ 08057

*Counsel for Plaintiffs Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, Vacation Fund, and Painters District Council 711 Finishing Trades Institute, and the International Union of Painters and Allied Trades District Council 711 (the "Union") (collectively "Plaintiffs"),*

**WILLIAMS, District Judge:**

**I.     INTRODUCTION**

Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, Vacation Fund, and Painters District Council 711 Finishing Trades Institute (the "Funds"), and the International Union of Painters and Allied Trades District Council 711 (the "Union") (collectively "Plaintiffs"), bring this action against defendant Arata Expositions, Inc.

("Arata"). Plaintiffs seek to enforce Arata's contractual and statutory obligations under a series of collective bargaining agreements ("CBAs"), incorporated trust agreements, and the Funds' delinquency policy.[1]

Presently before the Court is Plaintiffs' renewed motion for default judgment against Arata under Federal Rule of Civil Procedure 55, which Arata has not opposed. For the reasons set forth below, Plaintiffs' motion is granted.

## II. BACKGROUND

The Funds are ERISA-regulated employee benefit plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1)-(3), and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5). *See* Compl. ¶ 4. The Funds were established for the purpose of providing health, retirement, training, vacation, and other related benefits to employees represented by the Union. *See id.* ¶¶ 4–5. The Union is a labor organization subject to both ERISA and the LMRA, and it serves as the employees' exclusive bargaining representative. *See id.* ¶¶ 10–11.

Arata is an employer headquartered in Gaithersburg, Maryland. *See id.* ¶ 13. Arata is also a party to the CBA with the Union. *See id.* ¶¶ 13, 16. Pursuant to the CBA and related trust agreements, Arata is obligated to remit fringe benefit contributions to the Funds on behalf of covered employees. *See id.* ¶¶ 17–18. It is further obligated to submit monthly remittance reports and to permit payroll compliance audits. *See id.* ¶¶ 18–19, 23.

---

[1] Plaintiffs advise that since their initiation of this case, the Union and the Funds have respectively merged into (1) the International Union of Painters and Allied Trade District Council 21 ("DC 21"), and (2) the District Council 21 Funds (the "DC 21 Funds"). They further allege that DC 21 has assumed all contractual and legal rights relevant to the instant action. *See* Cert. of Brian Smith ¶¶ 7–9. (ECF No. 18-1.)

On February 24, 2021, the Funds' auditor requested certain financial records from Arata through December 31, 2020, to conduct a payroll compliance review. *See id.* ¶¶ 25, 31. Despite repeated requests, Arata refused to provide the records. *See id.* ¶ 32. Plaintiffs allege that without an audit, they cannot determine whether Arata has fully satisfied its contribution obligations, which impairs their ability to carry out their fiduciary duties. *See id.* ¶¶ 28–30, 33–35, 39.

Plaintiffs filed their complaint in this action on June 16, 2022, seeking, among other things, to compel Arata to submit to a payroll compliance audit. *See id.* ¶¶ 26, 35. Plaintiffs further request statutory remedies under ERISA, including interest, liquidated damages, attorneys' fees, and audit costs, as well as an order requiring Arata to specifically perform all obligations under the CBA and related trust agreements. *See id.* ¶¶ 37–45.

To date, Arata has not appeared in this action or filed a responsive pleading. Previously, Plaintiffs twice moved for default judgment, but both motions were denied for various deficiencies. After again obtaining the entry of default against Arata from the Clerk of Court, Plaintiffs filed a renewed motion for default judgment, their third such application, which is presently before the Court.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55 "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Great Lakes Ins. SE v. Ross*, 652 F. Supp. 3d 472, 476–77 (D.N.J. 2023) (quoting *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008)). Rule 55 prescribes a two-step process for obtaining default judgment. First, the moving party must ask the clerk of court to enter default against the silent party. *See* Fed. R. Civ. P. 55(a); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006). If and after the clerk enters default, the party

may move the court for the entry of default judgment. *See* Fed. R. Civ. P. 55(b)(2). Thereafter, "it is within the discretion of the district court whether to grant a motion for a default judgment." *Dellecese v. Assigned Credit Sols., Inc.*, No. 15-6678, 2017 WL 957848, at *1 (D.N.J. Mar. 10, 2017).

IV.   **DISCUSSION**

Having previously obtained the entry of default against Arata by the Clerk of Court, Plaintiffs now move for default judgment on the claims Arata has failed to answer. Notwithstanding the Court's broad discretion under Rule 55(b)(2), default judgment may be entered only if the Court finds (1) that it has subject matter jurisdiction over this action and personal jurisdiction over Arata; (2) that the unchallenged facts sufficiently establish the elements of the causes of action asserted; and (3) the circumstances otherwise render the entry of default proper. *Great Lakes*, 652 F. Supp. 3d at 477; *see also Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015); *Teamsters Health & Welfare Fund of Phila. v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012).

   A.   **Jurisdiction**

District courts have an "affirmative duty to look into [their] jurisdiction both over the subject matter and the parties" prior to entering default judgment. *Tri-Union Seafoods, LLC*, 2021 WL 1541054, at *3 (quoting *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015)). At the outset, the Court confirms that it has subject matter jurisdiction over this action. The Funds are employee benefit plans established and maintained under ERISA and the LMRA, and the Union is a labor organization within the meaning of both statutes. Because Plaintiffs seek to enforce contractual and statutory obligations pursuant to these statutes, this case

"arises under" federal law and thus establishes the Court's federal-question jurisdiction under 28 U.S.C. § 1331.

The statutory component of personal jurisdiction is satisfied where service of process is effectuated in accordance with Federal Rule of Civil Procedure The Court must next determine whether it has personal jurisdiction over Arata. The exercise of personal jurisdiction requires both "statutory and constitutional authorization." *Trustees v. Leo Const., LLC*, 718 F. Supp. 3d 436, 441 (D.N.J. 2024); *see also Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 293 (3d Cir. 1985) ("Because personal jurisdiction necessarily addresses both the power of the court to create or affect legal interests and the rules of competence whereby adjudicatory authority is asserted, it is tested against both constitutional and statutory standards."). Here, the Court finds that personal jurisdiction has been authorized on both fronts.

The statutory component of personal jurisdiction is satisfied where service of process is made in accordance with Federal Rule of Civil Procedure 4, or pursuant to some other applicable federal statute authorizing service. *See Leo Constr.*, 718 F. Supp. 3d at 441; *see also Walker v. Pennsylvania Off. of Admin.*, No. 23-2047, 2023 WL 8179274, at *1 (3d Cir. Nov. 27, 2023) ("Proper service is [] a prerequisite to personal jurisdiction."). Relevant here is Rule 4(h), which provides that service on a corporation may be accomplished by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Here, Plaintiffs properly served Arata under Rule 4(h)(1)(B) by personally serving Arata's registered agent for service of process, Alison Himes. As such, the Court finds that it is statutorily authorized to exercise personal jurisdiction over Arata.

The Court next turns to the constitutional dimension. It is well settled that a district court's exercise of jurisdiction over a non-resident defendant is constitutionally permissible only if the defendant has "purposefully established minimum contacts within the forum," and that "these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (internal quotation marks omitted). However, "[w]here Congress has spoken by authorizing nationwide service of process," personal jurisdiction "need not be confined by the defendant's contacts with the state in which the federal court sits." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002). More specifically, when a federal statute "authoriz[es] nationwide service of process," personal jurisdiction "may be assessed on the basis of the defendant's *national contacts* when the plaintiff's claim rests" on that statute. *Id.* (emphasis added).

Here, Plaintiffs have predicated their claims on ERISA—a statute by which Congress has authorized nationwide service of process. *See* 29 U.S.C. § 1132(e)(2) (permitting service "in any other district where [the] defendant resides or may be found"). Within the context of ERISA, courts in this Circuit assess personal jurisdiction by looking to the "defendant's contacts with the United States *as a whole*," rather than to its contacts with the particular judicial district in which the case is brought. *Leo Constr.*, 718 F. Supp. 3d at 442 (emphasis added); *see also Trustees of the Nat'l Elevator Indus. Pension, Health Benefit, Educ., Elevator Indus. Work Pres. Funds v. All City Elevator, Inc.*, 2018 WL 3043299, at *3–4 (E.D. Pa. May 22, 2018). For purposes of exercising jurisdiction over Arata in this case, it is sufficient that it "resides and conducts business in the United States," and that Plaintiffs served Arata in accordance with Rule 4. *Leo Constr.*, 718 F. Supp. 3d at 443.

For all of these reasons, the Court concludes that it is both statutorily and constitutionally authorized to exercise personal jurisdiction over Arata.

B. **Sufficiency of Causes of Action**

Next, the Court must assess whether the "unchallenged facts" set forth in Plaintiffs' Complaint "establish a legitimate cause of action." *IBEW Loc. 351 Pension Fund v. George Sparks, Inc.*, No. 14-2149, 2015 WL 778795, at *1 (D.N.J. Feb. 24, 2015). The Complaint alleges that Arata has breached the parties' CBA by refusing to submit to and cooperate with a payroll audit. Consistent with § 301 of the LMRA, the Court evaluates this claim while construing the terms of the CBA in accordance with federal common law. *See* 29 U.S.C. § 185(a) (conferring federal jurisdiction to hear labor contract disputes); *see also Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962) (mandating application of federal common law to interpretation and enforcement of labor contracts).

To make out a claim for breach of a collective bargaining agreement, a plaintiff must show (1) the existence of a valid contract; (2) a breach of that contract; and (3) resulting damages. *See Trustees of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund v. Rocon, Inc.*, No. 21-8534, 2022 WL 225384, at *4 (D.N.J. Jan. 26, 2022). Here, Plaintiffs' allegations establish each of these elements.

First, Plaintiffs have attached a copy of the CBA and have sufficiently pled its validity.[2] The CBA specifically obligates Arata to abide by the terms of other agreements and policies, which govern the audit and collection practices of the Funds. Through those agreements and policies,

---

[2] Plaintiffs have provided a copy of a CBA effective February 1, 2019, through January 31, 2022. This CBA is alleged to have been in effect when Arata became a signatory contractor. Plaintiffs allege that this contract contains an "evergreen clause," which binds the parties to any successor CBA, unless the current CBA is terminated upon written notice. They further aver that Arata has not terminated the CBA via written notice, and thus assert that another CBA (effective for June 1, 2023, through January 31, 2026). *See* Cert. of Brian Smith ¶¶ 15–16. These allegations are sufficient to establish the existence of a present and prior CBA.

Arata agreed to maintain and produce payroll records and to submit to a payroll compliance audit upon request. By refusing to submit to an audit, Arata has breached the CBA. Arata's breach has consequently undermined Plaintiffs' ability to fulfill their fiduciary obligations under ERISA to monitor employer compliance and safeguard the Funds' financial integrity. *See Sheet Metal, Air, Rail Transportation Workers v. Architectural Sheet Metal, Inc.*, No. 24-2579, 2025 WL 1618879, at *4 (D.N.J. June 9, 2025) (finding elements of breach of contract claim satisfied based on employer's alleged failure to submit to an audit).

For these reasons, the Court concludes that Plaintiffs' allegations are sufficient to establish a legitimate cause of action for breach of the CBA.

### C. Propriety of Default Judgment

Having determined that the entry of default is permissible, the Court now addresses whether, under the circumstances presented here, default judgment is appropriate. *See Teamsters Health & Welfare Fund of Phila. v. Dubin Paper Co.*, No. 11-7137 JBS KMW, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012). Although default judgment is largely a matter of judicial discretion, such discretion is not without its limits, particularly considering the Third Circuit's repeated expression of "[its] preference that cases be disposed of on the merits whenever practicable." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)) (internal quotation marks omitted). Thus, even if default judgment is permissible, the Court must weigh the following three factors to determine whether default judgment is proper: (1) the prejudice to Plaintiffs if default is denied, (2) whether Arata appears to have a meritorious defense, and (3) whether Arata's delay is due to culpable conduct. *See Great Lakes*, 652 F. Supp. 3d at 480.

First, the risk of prejudice to Plaintiffs weighs in favor of default judgment. Without it, Plaintiffs would have no alternative means to enforce Arata's contractual and statutory obligations. *See Teamsters Pension Fund of Phil.*, 2011 WL 4729023, at *4 (recognizing that defendants' default prejudices plaintiffs by depriving them of their ability to seek relief "in the normal fashion").

Second, because Arata has not appeared, it has presumably declined to offer any "evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015). Regardless, the Court does not discern any meritorious defense on the face of the record, and so this factor also weighs in favor of default judgment.

Lastly, Arata's very failure to appear evinces culpability in its absence. Plaintiffs have demonstrated that they have properly served Arata, which strongly suggests that its failure to respond is deliberate. This is sufficient to tilt the culpability factor in Plaintiffs' favor. *See 2109971 Ontario Inc. v. Matrix Hosp. Furniture Inc.*, No. 21-11412, 2022 WL 154411, at *4 (D.N.J. Jan. 14, 2022) ("Absent any evidence to the contrary, the Defendant's failure to answer evinces the Defendant's culpability in [the] default.").

### D. Remedies

Having found that default judgment is both permissible and appropriate, the Court must now determine whether Plaintiffs have established entitlement to the relief requested in their Complaint.

First, Plaintiffs ask the Court to compel Arata to produce payroll records for 2018–2020 and to undergo a payroll compliance audit by Plaintiffs' auditors. In other words, Plaintiffs seek an order directing specific performance of Arata's contractual obligation to provide records and

permit an audit, as expressly required by the agreements. Plaintiffs have demonstrated an entitlement to such relief. *See* 29 U.S.C. § 185 (authorizing federal courts to enforce collective bargaining agreements under LMRA); *see also U.A. Loc. 322 Pension Fund v. Direct Air LLC*, No. 16-3757, 2017 WL 5618279, at *1 (D.N.J. Nov. 21, 2017) (directing specific performance of audit obligations under collective bargaining agreement).

Second, Plaintiffs invoke § 502(g)(2) of ERISA and seek a package of prospective and contingent monetary relief. More specifically, they request that—should an audit reveal Arata failed to remit proper contributions or dues—the Court order payment of all amounts owed, together with interest, 20% liquidated damages, audit costs, and any other appropriate equitable relief. They further ask for an order directing Arata (again to the extent it is delinquent) to pay any fringe benefit contributions and to remit any union dues withheld from employees. This request is premature.

Section 502(g)(2) of ERISA authorizes an award of this relief only "upon a finding that an employer was *delinquent in paying contributions*." *Trustees of the New Jersey B.A.C. Health Fund v. Org Contracting*, No. 13-5854, 2015 WL 1730171, at *3 (D.N.J. Apr. 14, 2015) (emphasis added); *see also* 29 U.S.C. § 1132(g). Here, Plaintiffs have not alleged that Arata failed to remit the proper contributions or dues; they allege only that they lack access to the records necessary to determine compliance or delinquency. The very purpose of the audit requested in this case is to verify compliance and determine whether any delinquency even exists. Until that process is complete, the Court cannot know whether such relief is warranted.

Lastly, Plaintiffs seek an immediate award of $13,531.00 in attorneys' fees and $742.00 in costs, for a total of $14,273.00. Here too, they specifically predicate their request on § 502(g)(2) which, as acknowledged in their brief, makes delinquency a prerequisite to an award for fees and

costs. *See* 29 U.S.C. § 1132(g)(2)(D) (permitting award of reasonable attorneys' fees and costs "[i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded"); *id.* § 1145 (addressing delinquent employer contributions to multiemployer plan). Again, Plaintiffs have neither alleged nor shown any delinquency, and so this request is also premature.[3]

V.   **CONCLUSION**

For all of the reasons set forth above,

**IT IS** this **1st** day of **October 2025** hereby

**ORDERED** that Plaintiffs' Renewed Motion for Default Judgment is **GRANTED IN PART**; and it is further

**ORDERED** that Arata shall comply with a payroll audit by producing all necessary information and records to Plaintiffs within thirty (30) days of the entry of this Opinion; and it is further

**ORDERED** that upon completion of the audit, Plaintiffs shall notify Arata of any amounts determined to be owing, including contributions, interest on unpaid contributions, and liquidated damages as provided by ERISA; and it is further

**ORDERED** that if Arata does remit to Plaintiffs for all amounts due and owing within ten (10) days of receiving notice of the audit results, Plaintiffs may seek leave to reopen this matter and petition the Court for entry of judgment against Arata for all contributions, interest, and

---

[3] As an alternative legal basis for an award of attorneys' fees and costs, Plaintiffs' brief cites to specific provisions of the Restated Agreements and Declarations of Trust. *See* Pls.' Br. at 16. But even those provisions make such an award contingent on Arata's delinquency. (ECF No. 18-3 at 14 ¶ 5.4; 21 ¶ 4.4.)

11

liquidated damages then owing, together with an application for reasonable attorneys' fees and costs; and it is further

**ORDERED** that the Clerk of Court shall mark this matter **CLOSED**, subject to reopening for the purposes described herein.

Dated: October 2, 2025

_____
KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE